STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND. SS
CLERK'S OFFICE

I 2008 SEP 12 P 2: 25

SUPERIOR COURT
CRIMINAL ACTION
Docket No. CR-08-308

STATE OF MAINE,

v.

DECISION

ROBERT M. DYER,

Defendant.

## FINDINGS

1. On February 1, 2008 around 11:33 p.m. Portland police officers Michael Galietta and Mark Kezal were dispatched to a loud-party complaint.

2. When they entered a common hall they heard loud noise coming from the second floor apartment #2. The complaint had come from the first floor apartment #1.

3. The stairwell was not large enough for both officers. Officer Kezal climbed the stairs to apartment #2 and Officer Galietta stood in front of the door to apartment #1.

4. Officer Kezal rapped loudly on the door to apartment #2, first with his fist, then with his flashlight and finally with his nightstick.

5. Officer Galietta heard the door to apartment #1 open behind him. He heard feet shuffling. He turned. He saw defendant Robert Dyer charge out of apartment #1 two to three steps into the hall, crouched over, with both arms raised and with a gun in one hand.

6. The gun held by Mr. Dyer was not pointed directly at Officer Galietta. Instead the gun was pointed in Officer Galietta's general area in a threatening manner.

7. Mr. Dyer had a surprised look on his face.

8. Officer Galietta grabbed Mr. Dyer, who was only one to two feet away from him, and put Mr. Dyer on the stairs.

9. Officer Galietta saw Mr. Dyer quickly move his closed hand back into apartment #1. Officer Galietta could not find the gun on Mr. Dyer.

10. Officer Kezal heard officer Galietta call out that "he's got a gun!" Officer Kezal went back downstairs. Officer Galietta asked his partner to watch Mr. Dyer while he (Officer Galietta) looked into apartment #1 for the gun.

11. Officer Galietta moved to the door of apartment #1, looked in (the door was wide open) and saw a gun lying on top of the refrigerator. Officer Galietta seized the gun.

12. The two officers moved Mr. Dyer to the kitchen table in apartment #1 and had him sit there with his girlfriend (who had initially called in the complaint).

13. The officers did not handcuff Mr. Dyer. They did not tell him he was under arrest. The apartment door was still open. Mr. Dyer's girlfriend asked if Mr. Dyer was under arrest. The officers said no. She asked if they were going to arrest him. They said they didn't know.

14. Officer Galietta asked Mr. Dyer why he did what he did. Mr. Dyer was calm at the time. Mr. Dyer said that if someone is breaking in, you don't want to get it first or get it in the face or something to that effect.

15. Mr. Dyer was eventually charged with reckless conduct with a dangerous weapon.

16. The officers did not Mirandize Mr. Dyer at the kitchen table.

2

## DISCUSSION

I am satisfied that the officers had probable cause to arrest Mr. Dyer for reckless conduct with a dangerous weapon. The officers may have had doubts concerning what had happened or why it had happened at the time but probable cause existed.

I am satisfied that Mr. Dyer was not under arrest or in custody. He was at his own kitchen table with his girlfriend. He was not handcuffed. He had been restrained momentarily but then was released. The officers did not draw guns. Mr. Dyer was calm and discussed his health. The officers were calm. The officers told Mr. Dyer's girlfriend when she asked that Mr. Dyer was not under arrest and they did not know whether he would be arrested. The officers questioned Mr. Dyer to try to find out what had happened. They had a right to do that without Miranda to make sure that there were no other guns or gunmen around. They also had a right to seize the gun without a warrant as it was in plain view. The also had a right to enter the apartment without a warrant under the exigent circumstances of this case.

The clerk will make the following entry by reference:

Defendant Robert Dyer's motion to suppress is denied in all respects.

DATED:     September 11, 2008

_William S. Brodrick_
William S. Brodrick
Justice, Superior Court
Active-Retired

Atty-T. Connolly
DA - J. Sheridan

3